## KOPPEL v. TILYOU.

(Municipal Court, Borough of Brooklyn, Fifth District. December, 1900.)

LANDLORD AND TENANT—ASSIGNMENT—SUBLESSEE — RENT—DEFAULT IN PAYMENT—REDEMPTION.

Where a tenant leased property for ten years, and thereafter executed a lease of one-half the same premises for an unexpired period of nine years, which provided that, on default of payment of rent or covenants therein, the first party had a right to re-enter the premises, and that at the expiration of the term the second party would surrender the same, there was no assignment pro tanto, but the tenant was a sublessee, and hence was not entitled on the original tenant's default in payment of rent to maintain redemption proceedings under Code Civ. Proc. § 2256, giving the lessee or his assignee the right to redeem within one year after execution of the warrant on payment or tender of all rent in arrear, etc., where the unexpired term exceeds five years.

Action by Dora Koppel against George E. Tilyou, as executor of Ellen Tilyou, deceased, to recover possession of lands. Judgment for defendant.

Ayres & Walker, for petitioner.
Hughes & Heistad, for defendant.

LYNCH, J. This is a redemption proceeding, brought under section 2256 of the Code, to recover the possession of premises, and instituted by the petitioner, Dora Koppel. The facts disclosed in the hearing are that one George C. Tilyou executed a lease to William Scheffler of a strip of land about 48x100 feet for a term of ten years, beginning February 1, 1898, at an annual rental of $3,000. In October of the same year William Scheffler leased about one-half of the same premises for a term of nine years, commencing February 1, 1899, to the petitioner, Dora Koppel, at an annual rental of $2,500. Tilyou had knowledge of the lease made by Scheffler, and the testimony tends to prove that he gave his consent to Scheffler to make a sublease to Dora Koppel of a portion of the premises described in Scheffler's lease. Section 2256 of the Code, under which this proceeding is founded, provides as follows:

"Where the special proceeding is founded upon an allegation that a lessee holds over after a default in the payment of rent and the unexpired term of the lease under which the premises are held exceeds five years, at the time when the warrant is issued, the lessee, his executors, administrator or assignee, may at any time within one year after the execution of the warrant, pay or tender to the petitioner, his heir, executor or administrator, or assignee, or if, within five days before the expiration of the year, he cannot with reasonable diligence be found within the city or town wherein the

property, or a portion thereof, is situated, then to the judge or justice who issued the warrant, or his successor in office, all rent in arrear at the time of payment or tender, with interest thereupon, and the costs and charges incurred by the petitioner. Thereupon, the person making the payment or tender shall be entitled to the possession of the demised premises, under the lease, and may hold and enjoy the same according to the terms of the original demise, except as otherwise prescribed in the next section but one."

The petitioner is, undoubtedly, in a sad plight. She was not in default in the payment of her rent to Scheffler, and the cause of her dispossession from the premises was due to the default of Scheffler in neglecting to pay the rent due to Tilyou, the owner of the premises; and, under the circumstances, if I could see my way clear to assist the petitioner, I would gladly do so. The difficulty is that, as I construe section 2256 of the Code, she has no standing in court to institute this proceeding. The remedy provided by that section is restricted to the lessee (Scheffler) or his immediate assignee, and I do not regard the petitioner as the assignee of Scheffler. She was, at most, an under-tenant or sublessee, and as such there was no privity of contract between her and the landlord of the premises. She was not in a position at any time to insist upon remaining in the premises, even upon payment of rent; nor could she attorn to the landlord in any way. Her rights and her ability to remain in the premises were dependent solely upon Scheffler paying the rent of the entire premises to Tilyou. If Scheffler defaulted, he would lose the possession of the entire property, and Tilyou was at liberty to dispose of his property as he saw fit, subject only to the right of Scheffler or his assignee to redeem under the Code. While I agree with the petitioner's counsel that the lease to Koppel reserves a different rent, this is immaterial; and it does not follow from that that the instrument is an assignment. Scheffler did not part with his entire interest in the premises, and he, and not Koppel, was amenable to the landlord (Tilyou) for the payment of the rent of the entire premises. Had Scheffler made an assignment of all his interest in the premises to Koppel, a different question would have arisen. It could then be truly said that she would stand in the shoes of Scheffler, and upon her paying the rent as it became due she could insist on enjoying the possession of the property, and Tilyou could enforce the payment of the rent directly from Mrs. Koppel, or, in default thereof, secure the possession of the property.

The treatises on landlord and tenant (McAdam & Chaplin), and the authorities cited, are in accord with these views. Thus Mr. Chaplin says (page 268):

"But, as between the original lessor and the transferee of the lease, the rule is well settled that, if the lessee parts with his whole term or interest as lessee, * * * it will, as to the original lessor, amount to an assignment of the lease. * * * A privity of estate is at once created between the original lessor and the assignee, and the assignee of the lease is liable directly to the original lessor for the rent reserved. If the lease contains a covenant to pay rent, the assignee is thus liable to the original lessor on the covenant as well as the other covenants in the original lease which run with the land. The determination of the question of privity of estate between original lessor and the lessee, and the lessee of his lessee, depends upon whether the whole of the term of the original lessee became vested in his lessee."

So, too, Justice McAdam tersely says (page 269):

"A transfer of the tenant's whole interest in the premises, whether upon condition or otherwise, is an assignment, and not a sublease, though in form a lease."

The case of Stewart v. Railroad Co., 102 N. Y. 607, 8 N. E. 201, is cited by both parties. I have examined this case with great care. and I am of the opinion that it sustains the defendant's contention. Says Rapallo, J.:

"The rules relating to the effect of an assignment of a lease are so well settled that it is hardly necessary to do more than refer to them. Where a lessee assigns his whole estate without reserving any reversion therein in himself, a privity of estate is at once created between his assignee and the original lessor, and the latter has a right of action directly against the assignee on the covenant to pay rent, or any other covenant in the lease which runs with the land; but, if the lessee sublets the premises, reserving or retaining any such reversion, however small, the privity of the estate is not established; and the original landlord has no right of action against the sublessee, there being no privity of contract nor of estate between them."

I think the elements which enter into the determination of the question as to whether the instrument executed by Scheffler to Koppel is an assignment, or a sublease, or an assignment pro tanto (as some of the cases cited allude to them) are that the right of re-entry for breach of conditions exists, and also that the instrument contains a covenant to surrender the premises at the end of the terms. It is apparent that the lessee has not entirely devested himself of all his interest in the property which he transferred to his sublessee. If it were an assignment, there would be an absolute transfer of the lessee's entire interest in the property, or the part thereof transferred, and the transferee of the lessee, and not the lessee, would be directly amenable to the landlord. It appears by the lease from Scheffler to Koppel that, while the lessee parts. with a portion of the premises for the whole period, it contains the following clauses above alluded to (see lease, page 2):

"And it is agreed that, if any rent shall be due and unpaid, or if default shall be made in any of the covenants herein contained, then it shall be lawful for the said party of the first part to re-enter the said premises, and the same to have again, to repossess and enjoy; * * * and that at the expiration of the said term the said party of the second part (Koppel) will quit and surrender the premises hereby demised in as good state and condition as reasonable use and wear thereof will permit, damages by the elements excepted."

I am of the opinion that upon the issues the defendant is entitled to judgment.